HOOPER, Chief Justice
(dissenting).
I must respectfully dissent.
The burden was on Sue Ann Utsey to prove that the signature on the document was not hers. The case should have gone to the jury for it to determine whose signature it was.
Section 7-3-308, Ala.Code 1975, provides:
“(a) In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature. ...
“(b) If the validity of signatures is admitted or proved and there is compliance with subsection (a), a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under Section 7-3-301, unless the defendant proves a defense or claim in recoupment. ...”
Apparently, Ms. Utsey never specifically denied that the signature on the note was hers. She stated that she does not remember signing anything with the name Denim Specialists, Inc., on it, but she admits that she does not read everything she signs.
Simply because Ms. Utsey states “that is not my signature” or “I do not recall signing it,” she should not be suddenly free from an obligation for which she took responsibility— it should not matter whether she can remember undertaking that responsibility. “In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted un *792 less specifically denied in the pleadings.” Section 7-3-308, Ala.Code 1975. Ms. Utsey asserted no affirmative defense to Compass Bank’s claims. She did not assert a forgery defense, and she never denied that the signature was hers.
Ms. Utsey also admitted that she had engaged in business activities with the owner of Denim Specialists, Inc., and that she generally did not read all documents placed before her to sign. In fact, she admitted in her testimony that she could not say the signature was not hers. She also testified that it looks like her signature.
Regardless of her memory regarding the signature and the note, the question should have gone to the jury, as the finder of fact, for it to determine the origin of the signature. A genuine issue of material fact existed as to who had signed the document, and a jury should have decided that issue.
I dissent from the order denying the petition for the writ of certiorari.